IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD HERSHEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 6:21-CV-03255-MDH |
| | ) | |
| **CITY OF SPRINGFIELD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are Defendants City of Springfield's and Springfield Police Officer Mark Stewart's (collectively, "City of Springfield" or "City") Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 63). Also before the Court is Defendants Board of Governors of Missouri State University's, Clif Smart's, Gabriel Gore's, Craig Frazier's, Amy Counts', Carrie Tergin's, Beverly Miller Keltner's, Lynn Parman's, Christopher Waters, Carol Silvey's, Jay Wasson's, and Michael Gardner's (collectively, "MSU") Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 65). All defendants move the Court to dismiss the above-captioned case pursuant to 12(b)(6). For the reasons set forth herein, both motions are **GRANTED.**

## INTRODUCTION

Plaintiff brings claims against a variety of individuals related to an incident on the campus of Missouri State University. Plaintiff often handed out flyers and brochures, and he advocated for vegetarian or vegan eating. Plaintiff claims MSU's policy placing regulations on speech on areas of campus is unconstitutional. More specifically, he claims that Defendants (1) infringed on his First Amendment rights by asking him to leave campus in on October 3, 2016, and (2) MSU's later-enacted Policy G5.02 is facially unconstitutional.

As he was distributing his literature on October 3, 2016, Plaintiff alleges he was approached by MSU security officers John Canella[1] and Michael Gardner. Canella allegedly reviewed Plaintiff's literature, advised him he was prohibited from handing it out, and stated that Plaintiff was to vacate the campus. Plaintiff did not vacate the campus, allegedly prompting Canella to request the Springfield Police Department to remove Plaintiff.

Upon arriving at the campus, Springfield Police officers Mark Stewart ("Stewart") allegedly approached Plaintiff, reviewed his literature, and instructed him to leave. Plaintiff again refused to leave and was subsequently detained in a Springfield Police vehicle for approximately twenty minutes. After his brief detention in the police vehicle, Plaintiff was released "without further prosecution." Plaintiff does not allege that he received a written citation, warning, or "ban" from the campus. Rather, he alleges that his brief encounter with MSU security and Springfield Police led him to conclude he was permanently "banned" from the campus.

The Third Amended Complaint also references MSU's G5.02 Expressive Activity Policy ("Policy G5.02"). Policy G5.02 states that it will be "construed and applied on a content neutral basis." Policy G5.02 goes on to list time, place, and manner parameters for expressive activities on Campus, including a time parameter: "No event may exceed 8 hours in length in a 24 hour day." However, at no point in the Third Amended Complaint does Plaintiff claim that he was distributing literature or advocating for his cause for greater than eight hours in a given day, nor does he claim that he was accused of doing so by any defendant. Moreover, Policy G5.02 was not in effect at the time of the events recited in Plaintiff's Complaint.

---

[1] Canella is named in the Third Amended Complaint but is deceased and not a party in this action. In lieu of the ability to bring claims against Canella, Plaintiff names Defendant Gardner. Plaintiff describes Gardner's actions as being present and "acquiescing" to Canella's actions.

2

On September 30, 2021, Plaintiff brought the instant suit against all defendants. Count I seeks declaratory and injunctive relief against the City, MSU, Smart, and the Board of Governors of MSU for violation of Plaintiff's First Amendment rights "by failure to train University Security officers, by official policy, by regulations, by unofficial policy, by failure to have a policy, or by acquiescence in the arbitrary and capricious denial of [Plaintiff's] rights by University officials…". Plaintiff also asserts what appears to be a facial constitutional challenge to Policy G5.02.

Count II asserts a claim for money damages against the City, and against Stewart, Dockins, and Gardner in their individual capacities based on alleged violations of Plaintiff's First Amendment rights. Count III asserts a claim for money damages against the City, and against Stewart, Dockins, and Gardner in their individual capacities based on alleged violations of Plaintiff's Fourth Amendment rights. Count IV asserts a claim for damages and injunctive relief against the City, MSU, Smart, the Board of Governors of MSU, Stewart, Dockins, and Gardner under the Missouri Campus Free Expression Act. Count V asserts a claim for money damages against the City under a failure to train theory.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted).

The complaint's factual allegations must be sufficient to "raise a right to relief about the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

3

Case 6:21-cv-03255-MDH   Document 74   Filed 07/11/22   Page 3 of 13

550 U.S. 554, 555, 570 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

As described in more detail above, Plaintiff brings claims pursuant to the CFEA and 42 U.S.C. § 1983 against Defendants under the theory that they, pursuant to MSU policy G5.02, infringed his First and Fourth Amendment rights by restricting his speech based on content and unlawful arrest.

As an initial matter, MSU argues that the individual MSU Board Members and President Clif Smart should be dismissed. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Dudley v. Jackson County, Missouri*, 2020 WL 5665797 at *2 (W.D. Mo. 2020). As a result, "a suit against a government officer in his official capacity…should be dismissed as 'redundant of the claim against' the governmental entity." *Dudley*, 2020 WL 5665797 at *2 (quoting *Veatch*, 627 F.3d at 1257); *see also Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178 (8th Cir. 1998) (The court "correctly dismissed [a] claim against [the School District's band director] as redundant to the claim against the [District]"). The Third Amended Complaint names the MSU Board of Governors as well as individual members of the Board of Governors in their official capacities. Plaintiff's suit against the individual members of the Board of Governors in their official capacities is the functional equivalent of a suit against the Board of Governors, which has been named.

Defendants argue President Smart should be dismissed for the same reasons. Plaintiff makes clear that he is suing the entity, "Defendant University," by including the Board of

4

Governors as a defendant. Because an official capacity suit is treated as a suit against the entity of which an officer is an agent, President Smart's inclusion in his official capacity should be treated as a suit against the defendant that Plaintiff has sued—MSU. *See Veatch*, 627 F.3d at 1257. Because the individual Defendants are named only in their official capacities and not their individual capacities, the Court follows Eighth Circuit precedent which provides that redundant official capacity defendants should be dismissed when the entity for which they work is also a named defendant. *See Dudley v. Jackson County*, Missouri, 2020 WL 5665897 at *2 (W.D. Mo. 2020); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). Therefore, individual Board of Curators Members Gabriel Gore, Craig Frazier, Amy Counts, Carrie Tergin, Beverly Miller Keltner, Lynn Parman, Christopher Waters, Carol Silvey, Jay Wasson; and President Clif Smart are dismissed as defendants.

**A. Count I**

In Count I of his Third Amended Complaint, Plaintiff seeks declaratory and injunctive relief, apparently challenging the constitutionality of Policy G5.02.

1. City of Springfield Defendants

Plaintiff identifies the City as a defendant in this Count, but does not allege this count against Defendants officers Stewart or Dockins specifically. Count I does not challenge any policy of the City of Springfield, nor does the Third Amended Complaint allege that any officers, agents, or employees of the City of Springfield have taken any action pursuant to the challenged policy. Policy G5.02 is a policy adopted by the Missouri State University Board of Governors, not the City of Springfield. (See Policy G5.02, Doc. 61-1). The "case or controversy" limitation of Article III of the United States Constitution requires that a federal court act only to redress injury that can fairly be traced to the challenged action of the defendant. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

The Court finds that Plaintiff has not made a showing that his alleged loss is related to any action by or policy of the City of Springfield Defendants as required to demonstrate standing to bring the constitutional challenge against G5.02. Therefore, Count I is dismissed as to the City of Springfield Defendants without prejudice.

2. MSU Defendants

The challenged policy was adopted on October 27, 2017, over one year after the incident alleged in Plaintiff's Third Amended Complaint. *Id.* Plaintiff has not alleged that any MSU Defendant has attempted to take any enforcement action based on the policy he challenges. Plaintiff does not assert that the eight-hour parameter contained in Policy G5.02 was applied to his actions on October 3, 2016, nor does he allege a credible threat of that Policy ever being applied to him. Plaintiff estimates that he has distributed literature on MSU's Campus for eight hours "[o]n at least two dates" in the past. (Doc. 61, ¶ 26). This allegation does not indicate that Plaintiff has ever violated Policy G5.02, since the Policy only limits events that exceed eight hours. More importantly, however, Plaintiff does not allege that any defendant has ever accused him of or reprimanded him for violating Policy G5.02's eight-hour parameter. Nonetheless, Plaintiff seeks an advisory opinion to determine the constitutionality of Policy G5.02, claiming that it is "not narrowly tailored to serve any legitimate governmental purpose."

"It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1029 (8th Cir. 2014) (dismissing suit for lack of standing as opposed to taking up a First Amendment question). As Eighth Circuit precedent requires, Plaintiff must demonstrate a "credible threat" that Policy G5.02 is or will be applied against him. *Zanders*, 573 F.3d at 594. Plaintiff does not claim that his alleged "ban" from MSU's Campus was a result of how long he

distributed literature on October 3, 2016, or on any other date, nor that he has ever been reprimanded or even warned that he has violated Policy G5.02 during the many years he has allegedly distributed literature on MSU's Campus. Because no portion of Policy G5.02 has ever been applied to Plaintiff, and because he does not describe any credible threat of prosecution based on the portion of Policy G5.02 he chose to challenge, Plaintiff lacks standing to challenge such Policy.

Plaintiff notes in the Third Amended Complaint that "[t]he version Policy G5.02 in force prior to October 2, 2017, also limited speech to eight hours a day." (Doc. 61 at 5). Plaintiff, however, does not challenge this unspecified alleged prior version of the policy. He furthermore alleges no facts or evidence of a prior policy, practice, or custom of MSU that was the basis of Plaintiff's removal and arrest on October 3, 2016.

The Court finds that Plaintiff has not made a showing that his alleged loss is related to any action by or policy of MSU as required to demonstrate standing to bring the constitutional challenge against G5.02. Therefore, Count I is dismissed as to the MSU Defendants without prejudice. As Count I was dismissed as to the City of Springfield Defendants above, Count I is dismissed in its entirety without prejudice.

B. **Counts II and III**

Plaintiff brings a claim for damages for the alleged violation of his First Amendment rights pursuant to section 1983 in Count II against Defendants City of Springfield, officer Mark Stewart, officer Dockins, and security officer Gardner in their individual capacities. In Count III, Plaintiff brings a claim for damage for the alleged violation of his Fourth Amendment rights against the same Defendants.

1. <u>Springfield Police Officers</u>

7

Case 6:21-cv-03255-MDH   Document 74   Filed 07/11/22   Page 7 of 13

City of Springfield Defendants argue that each counts fails to state to state a claim on its face because, even when construing the facts in the light most favorable to Plaintiff, Plaintiff's arrest or detention was supported by, at a minimum, arguable probable cause, entitling the officers to qualified immunity.

"A constitutional violation occurs when there is a warrantless arrest that is not supported by probable cause to believe that a crime has been committed." *Just v. City of St. Louis, Missouri*, 7 F.4th 761, 767 (8th. Cir. 2021) (quoting *Ross v. City of Jackson*, 897 F.3d 916, 920 (8th Cir. 2018)). "[E]ven where the officers act on a mistaken belief that probable cause exists, if the mistake is objectively reasonable, arguable probable cause exists and the officers are entitled to qualified immunity." *Just* at 767. (internal quotations omitted) This is true for claims of First Amendment retaliatory arrest as well as Fourth Amendment wrongful arrest as Plaintiff has alleged in this suit. *Id.* at 768.

Assuming for the purpose of the motion to dismiss that all allegations contained in Plaintiff's Third Amended Complaint are true, Plaintiff alleges that he was instructed to leave by campus security, (Doc. 61 ¶ 35), that campus security reported to Springfield Police that Plaintiff was trespassing (Doc. 61 ¶ 37), and that Plaintiff was arrested based on that complaint of trespass (Doc. 61 ¶ 44). Plaintiff further alleges that after approximately 20 minutes he was released and was not ultimately prosecuted. (Doc 61. ¶ 58).

Defendants officers Stewart and Dockins responded to the MSU Campus security report of a trespassing incident. Plaintiff's allegations against Dockins are limited to Dockins being physically present while Stewart arrested and detained Plaintiff. The enactment of Section 173.1550 RSMo. does not foreclose the possibility that an individual can possibly commit a trespass on campus property. Rather, the statute specifically allows that "[p]ublic institutions of

8

higher education may maintain and enforce reasonable time, place, and manner restrictions…" Section 173.1550.2 RSMo. At the time of this incident, the officers acted reasonably in relying on the trespassing report to detain Plaintiff. Officers are generally allowed to rely on the veracity of information supplied by the victim of a crime. *Peterson v. City of Plymouth*, 60 F.3d 469, 474-75 (8th Cir. 1995).

Moreover, Section 173.1550 RSMo. had been recently enacted, had not been used to challenge any time, place, and manner restrictions placed on expressive activity by Missouri State University, and had not been used to challenge the state trespassing statutes. "The reliance on a state statute that has not been declared unconstitutional is generally a paradigmatic example of reasonableness that entitles an officer to qualified immunity." *Ness v. City of Bloomington*, 11 F.4th 914, 921 (8th Cir. 20201). The fact that Plaintiff was ultimately released and not prosecuted does not negate the probable cause that existed at the time of his arrest. See generally, *Just* at 765-68.

The Court finds that, even in the light most favorable to Plaintiff, Springfield Police Officers Stewart and Dockins had at least probable cause to arrest Plaintiff at that time. While Plaintiff named the City of Springfield as a defendant in Counts II and III, those claims are premised on a failure to train theory which is the basis of Count V, discussed below. Accordingly, Counts II and III are dismissed against the City of Springfield Defendants with prejudice.

2. <u>MSU Security Officer Gardner</u>

MSU Defendants argue that Plaintiff's naming of MSU Security Officer Gardner in the Third Amended Complaint was outside the limitations period and should not be allowed. This argument lacks merit as the Court already took up and rejected this challenge in granting Plaintiff leave to amend his Complaint to add Gardner as a party.

MSU Defendants argue that Gardner is also entitled to qualified immunity on Counts II and III. Plaintiff's allegations against Gardner all stem from the fact that Gardner participated in the arrest of Plaintiff. In fact, the Third Amended Complaint does not allege any direct action on the part of Gardner other than that "Gardner was present and acquiesced to" the other security officer's call to the Springfield Police Department and Officer Stewart's arrest.

Courts have insisted that plaintiffs must plead "direct, personal involvement in constitutional misconduct" when bringing a § 1983 claim. *See Robertson v. City of St. Louis, Missouri*, 2021 WL 4459728 at *5 (E.D. Mo. 2021) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must plead direct, personal involvement in constitutional misconduct…Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights…[E]ach defendant's conduct must be independently assessed. Section 1983 does not sanction tort by association.") (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Smith v. City of Minneapolis*, 754 F.3d 541, 547-48 (8th Cir. 2014)). The Third Amended Complaint is almost entirely devoid of any mention of Gardner, much less any mention of a direct action he took that might have violated Plaintiff's First or Fourth Amendment rights. As Plaintiff must overcome both prongs of the qualified immunity inquiry to survive this motion to dismiss, this prong alone entitles Gardner to qualified immunity.

Accordingly, Counts II and III are dismissed with prejudice as to Defendant Gardner. As detailed above, the Court dismissed Counts II and III against Defendants Stewart, Dockins, and the City of Springfield. Therefore, Counts II and III of Plaintiff's Third Amended Complaint are dismissed in their entirety with prejudice.

**C. Count V**

Finally, Plaintiff asserts a claim for damages against the City of Springfield under a failure to train theory. Under Section 1983, a municipality cannot be held liable for the actions of its employees on a theory of respondeat superior. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to state a claim under Section 1983 against the City of Springfield, the Plaintiff must allege that "action pursuant to official municipal policy" caused their injury. *Id*. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011). "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Id.* (internal quotation omitted). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Id.* (quoting *Board of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 410, 117 S.Ct 1382, 137 L.Ed.2d 626 (1997)).

"A failure to train claim requires evidence that the municipality received notice of a pattern of unconstitutional acts committed by its employees." *Garcia v. City of New Hope* 984 F.3d 655, 670 (8th Cir. 2021) (internal quotation omitted). "Accordingly, the claim fails when a plaintiff presents no evidence indicating the city had reason to believe, before the events giving rise to the case, that its training or supervision of the officers was inadequate." *Id.* at 670-71 (internal quotation and alterations omitted).

"At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 591 (8th Cir. 2004)(quoting *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir.2003)).

11

Case 6:21-cv-03255-MDH Document 74 Filed 07/11/22 Page 11 of 13

Plaintiff in this case has identified only a single event and not alleged any facts that suggest the existence of any other events, let alone a policy or custom. Plaintiff therefore has failed to allege the requisite notice to state a claim for failure to train. Count V is therefore dismissed with prejudice.

### D. Count IV

Plaintiff alleges that all Defendants violated Mo. Rev. Stat. § 173.1550, which is known as the Campus Free Expression Act in Count IV. As detailed in this Order, no federal claims remain in the above-captioned case. The Court therefore finds that there is no federal question at issue. *See* 28 U.S.C. § 1331. The Court declines to rule on the state law issues brought by Plaintiff in his Third Amended Complaint. Count IV is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the City of Springfield Defendants' Motion to Dismiss (Doc. 63) is **GRANTED**, and MSU Defendants' Motion to Dismiss is **GRANTED**. Individual Board of Curators Members Gabriel Gore, Craig Frazier, Amy Counts, Carrie Tergin, Beverly Miller Keltner, Lynn Parman, Christopher Waters, Carol Silvey, Jay Wasson; and President Clif Smart are dismissed as defendants as redundant to the MSU Board of Curators and MSU as named parties. Count I of Plaintiff's Third Amended Complaint is dismissed in its entirety without prejudice. Count II is dismissed in its entirety with prejudice. Count III is dismissed in its entirety with prejudice. Count IV and is dismissed without prejudice for lack of subject matter jurisdiction. Count V is dismissed in its entirety with prejudice. The above-captioned matter is hereby dismissed.

**IT IS SO ORDERED.**

Dated: July 11, 2022  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**